SO ORDERED: March 31, 2025.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL ALLEN CLARK and | ) Case No. 23-03479-JMC-13 |
| GLADYS DEANNA CLARK, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| SFR SERVICES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 23-50121 |
| | ) |
| MICHAEL ALLEN CLARK, | ) |
| | ) |
| Defendant. | ) |

### ENTRY DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the *Motion for Summary Judgment* filed by SFR Services, LLC ("SFR") on September 12, 2024 (Docket No. 28-1) (the "Motion"). The Court, having reviewed the Motion, the *Brief in Support of Motion for Summary Judgment* filed by SFR on September 12, 2024 (Docket No. 28) (the "Brief"), *Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment* filed by Michael Allen Clark ("Debtor")

on November 8, 2024 (Docket No. 34), the *Response Brief of Defendant, Michael Allen Clark, in Opposition to Plaintiff's Motion for Summary Judgment* filed by Debtor on November 8, 2024 (Docket No. 34-1), the *Reply Memorandum in Support of Motion for Summary Judgment* filed by SFR on November 22, 2024 (Docket No. 35), *Defendant's Surreply Brief in Response to Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment* filed by Debtor on November 29, 2024 (Docket No. 36) and the evidence designated in the various pleadings, and being otherwise duly advised, now **DENIES** the Motion.

*Summary Judgment Standard*

SFR moves the Court to enter summary judgment in its favor and against Debtor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. To obtain summary judgment, SFR must show that there is no genuine dispute as to any material fact and that SFR is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden rests on SFR, as the moving party, to demonstrate that there is an absence of evidence to support the case of Debtor, the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). After SFR demonstrates the absence of a genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324, 106 S.Ct. at 2553. If Debtor does not come forward with evidence that would reasonably permit the Court to find in Debtor's favor on a material issue of fact (and if the law is with SFR), then the Court must enter summary judgment against Debtor. *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986)).

*Background Information*

On June 21, 2018, SFR filed a complaint (the "DC Complaint") in the United States District Court for the Southern District of Indiana (the "District Court") under Case No. 1:18-cv-1900, alleging, *inter alia,* that Debtor's acts and omissions constituted criminal conversion and actual fraud. On August 14, 2018, the Clerk of the District Court made an *Entry of Default* against Debtor. Thereafter, SFR sought a default judgment against Debtor. Pursuant to the *Entry Regarding Damages* (the "Entry") entered on June 26, 2019, the District Court entered a default judgment against Debtor (and other defendants) awarding SFR actual damages, exemplary damages under the Indiana Crime Victims Act, Ind. Code § 34-24-3-1, attorney fees and costs in the total amount of $586,348.01 (the "Debt").

On August 9, 2023, Debtor filed a voluntary petition commencing a case under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").[1] On November 13, 2023, SFR filed the *Complaint to Except Debt from Discharge* (Docket No. 1) initiating this adversary proceeding. SFR alleges that the Debt is non-dischargeable pursuant to §§ 523(a)(2) and (a)(4).

*Reasoning*

SFR asserts that the preclusive effect of the Entry establishes, as a matter of law and beyond rebuttal, all required factual bases compelling a determination that the Debt is excepted from discharge pursuant to §§ 523(a)(2) and (a)(4). The Court disagrees.

Collateral estoppel, also known as issue preclusion, serves the "dual purpose of protecting litigants from the burden of relitigating an <u>identical</u> issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979) (citation

---

[1] Unless otherwise noted, all statutory references herein are to the Bankruptcy Code.

omitted) (emphasis added).  "[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991).  As a federal court rendered the Entry that SFR seeks to use against Debtor, federal principles of collateral estoppel apply.  *Chicago v. Spielman (In re Spielman),* 588 B.R. 198, 204 (Bankr. N.D. Ill. 2018) (citing *Heiser v. Woodruff*, 327 U.S. 726, 732-33, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946)).  Four elements must be met for collateral estoppel to apply:

> 1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

*LaPreferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905-06 (7th Cir. 1990).

"It is true that, as a general rule, default judgments are not given preclusive effect … because, in most cases in which a default judgment is rendered, the issues have not been actually litigated."  *Spielman,* 588 B.R. at 205 (citing *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 2319, 147 L.Ed.2d. 374 (2000)).  There is a "burgeoning" exception to that rule: "a default judgment may be used against a party with preclusive effect when the party actively participated in the prior litigation."  *Spielman*, 588 B.R. at 206 (string cites omitted).

The Entry was made after and as a result of Debtor's failure to timely respond to the DC Complaint.  The Entry is a default judgment.  The Entry recites a number of allegations of the DC Complaint.  However, the District Court noted that, at the default judgment hearing leading to the Entry, only counsel for SFR appeared at such hearing, no witness testified and no evidence[2] was presented to the District Court to form a factual basis for the Entry.  The District

---

[2] The lone exception specifically referenced in the Entry is "the affidavit of counsel and billing records" regarding attorney fees and costs.  Entry, p. 3.

Court did not conduct any evidentiary hearing or make findings of fact based upon evidence. Instead of taking evidence and making findings of fact, the District Court made reference to allegations in the DC Complaint which, by his default, Debtor was deemed to admit. The District Court then marshalled some of the allegations to support the entry of a certain money judgment against Debtor under some of the counts of the DC Complaint.

The closest that the District Court came to making any finding that might preclude litigation of any matter in this adversary proceeding is found in the "Discussion" of the Entry. There, the District Court said:

> The Plaintiff further requests treble damages, costs, and attorney fees pursuant to the Indiana Crime Victims Act, which the Court finds to be applicable in light of the fact that the Plaintiff has established, by means of obtaining an entry of default, that the Defendants are liable to it for conversion and that it suffered pecuniary loss as a result. *See* Ind. Code § 34-24-3-1 (providing for up to three times actual damages, reasonable attorney fees, and costs for "pecuniary loss as a result of a violation of," inter alia, "IC 35-43," which includes criminal conversion). The Court finds that treble damages are appropriate given the nature of the Defendants' actions and the fact that they received the funds from the homeowners and/or their insurance companies but failed to use those funds to pay the Plaintiff for its work.

Entry, p. 3.

This Court concludes that while the Entry precludes Debtor from re-litigating his liability for the Debt, the Entry does not bar litigation of the bases asserted for non-dischargeability of the Debt in this adversary proceeding. The same attempt to offensively use collateral estoppel based upon a prior judgment purportedly establishing a violation of the Indiana Offenses Against Property Act (as a predicate for an Indiana Crime Victims Act treble damages claim) was rejected by both the District Court for the Southern District of Indiana and by this Court. *See Garoutte v. Damax, Inc.*, 400 B.R. 208 (S.D. Ind. 2009) and *Yusuf v. Oduyemi (In re Oduyemi)*, Adv. Proc. No. 16-50353, 2018 WL 1614201 (Bankr. S.D. Ind. Mar. 20, 2018). The *Garoutte* court determined that a conclusion by a non-bankruptcy court, based upon a debtor/defendant's

default, that a debtor/defendant has committed criminal conversion, without specific findings regarding the debtor's mental state that matched a required mental state for determining non-dischargeability, will not result in a preclusive finding of non-dischargeability. *Garoutte* refused to make an implied finding, based upon a default judgment, that the debtor committed a willful and malicious injury to satisfy the § 523(a)(6) exception to discharge.

The two bases asserted for non-dischargeability in this adversary proceeding would require an even more impermissible extraction from the Entry to make an implied finding of fraud and a preclusive finding of the mental state required by §§ 523(a)(2) and (a)(4). The District Court made no finding regarding Debtor's mental state.[3] Therefore, the Entry does not satisfy the required element of an "identity of issues" resolved by the Entry and the required elements of SFR's claims for non-dischargeability.[4] Because the first element of the four-part test to apply collateral estoppel is not met, the Court need not address the remaining three elements or the exception.

*Conclusion*

For the reasons set forth above, the Motion is DENIED. A telephonic status conference will be held on **April 30, 2025 at 10:00 a.m. EDT**. To participate, parties should call (571) 353-2301, meeting ID 734120790.

IT IS SO ORDERED.

### # # #

---

[3] Moreover, none of the allegations in the Complaint that SFR designated in its Brief amount to an admission of Debtor's mental state rising to the level required under §§ 523(a)(2) and (a)(4).

[4] *See Kriescher v. Gibson (In re Gibson)*, 521 B.R. 645, 653 (Bankr. W.D. Wisc. 2014) ("facts essential to each component of the Judgment must satisfy the elements of a discharge exception. One illustrative reason for this is that the discharge exceptions the Plaintiffs rely on require an inquiry into the Defendant's state of mind. *See McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000) …; *In re Weber,* 892 F.2d 534, 538 (7th Cir. 1989) (embezzlement pursuant to section 523(a)(4) requires 'fraudulent intent or deceit'); *Bullock v. BankChampaign, N.A.,* ––– U.S. –––, 133 S.Ct. 1754, 1757, 185 L.Ed.2d 922 (2013) (defalcation under section 523(a)(4) requires 'a culpable state of mind')").